**FILED & ENTERED**

JUL 13 2018

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY tatum    DEPUTY CLERK

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>SHAHRIAR JOSEPH ZARGAR and SHABNAM MESACHI,<br><br>Debtors.<br><hr>BEHROUZ SHADSIRAT,<br><br>Plaintiff,<br><br>vs.<br><br>NATIONAL CASH, INC., a Nevada Corporation; JOSEPH ZARGAR; MOHAMMAD KHAJEHMIRAKI; SHABNAM MESACHI; PAYMENT ALLIANCE INTERNATIONAL, INC.; ELITE BANKCARD SOLUTIONS, LLC; BANK OF AMERICA, N.A., DOES 1-20,<br><br>Defendants. | Case No. 2:18-bk-11525-RK<br><br>Chapter 11<br><br>Adv. No. 2:18-ap-01148-RK<br><br>**MEMORANDUM DECISION ON MOTION OF PLAINTIFF BEHROUZ SHADSIRAT TO REMAND REMOVED STATE COURT LAWSUIT TO THE SUPERIOR COURT OF CALIFORNIA FOR COUNTY OF LOS ANGELES, CIVIL DIVISION, VAN NUYS COURTHOUSE EAST**<br><br>Date:       July 3, 2018<br>Time:       2:30 p.m.<br>Courtroom:  1675 |

Pending before the court in this adversary proceeding is the Motion of Plaintiff

Behrouz Shadsirat ("Plaintiff") to Remand ("Motion") (Docket No. 8) filed on June 11,

2018, seeking remand of the civil action removed to this court from the Superior Court of

California for the County of Los Angeles, Civil Division, Van Nuys Courthouse East. Debtors and Defendants, Shahriar Joseph Zargar and Shabnam Mesachi (collectively, "Debtors" or "Defendants"), filed an opposition to the Motion on June 19, 2018 ("Opposition") (Docket Number 10). Plaintiff filed a reply to the Opposition on June 26, 2018 ("Reply") (Docket Number 16).

The court held a hearing on the Motion on July 3, 2018. Rosendo Gonzalez of Gonzalez & Gonzalez Law, P.C. appeared for Plaintiff. Ashley M. McDow of Foley & Lardner LLP appeared for Defendants. At the hearing, the court heard the oral arguments of the parties on the Motion, and the court took the Motion under submission and set a further hearing on August 7, 2018.

Having considered the moving, opposing and reply papers, and oral arguments of the parties, and having taken the Motion under submission, the court vacates the hearing on August 7, 2018 and rules on the Motion as follows:

On November 28, 2012, Plaintiff initiated a civil action in the Superior Court of California for the County of Los Angeles County, Civil Division, Van Nuys Courthouse East, Case Number LC099055, asserting causes of action for involuntary dissolution, breach of fiduciary duty, interference with economic relationship, conversion, violation of California Corporation Code Section 1602, accounting and declaratory relief against Defendants Shahriar Joseph Zargar, National Cash, Inc. ("NCI"), Mohammad Khajehmiraki, Shabnam Mesachi, Payment Alliance International, LLC, Elite Bankcard Solutions, LLC, and Bank of America, N.A. (the "Van Nuys State Court Action"). Motion at 5.

On March 29, 2017, Plaintiff filed a second civil action in the Superior Court of California for the County of Los Angeles, Civil Division, Stanley Mosk Courthouse,

against Defendant Shahriar Joseph Zargar for civil liability under Nevada Revised Statutes § 225.84 (the "Los Angeles State Court Action"). Motion at 7.

On February 12, 2018, Defendants filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C. *Id*. at 6:14-16. On May 7, 2018, Plaintiff filed a proof of claim in this bankruptcy case in the amount of $3.5 million (the "Proof of Claim"), indicating "State Court Complaint" as the basis for the claim (Claim 9-1).

On May 14, 2018, Debtors filed a Notice of Removal of State Court Action, which removed the Van Nuys State Court Action to this court, giving rise to this adversary proceeding (Docket Number 1). (The court notes that while Debtors both removed the Van Nuys State Court Action to this court, only Debtor Joseph Shahriar Zargar is a party defendant in the state court action.) Prior to removal of the Van Nuys State Court Action to this court, the Superior Court had set the final status conference in the Van Nuys State Court Action for August 24, 2018 and a trial for September 5, 2018. *Id*. at 3. The Superior Court had appointed a Discovery Referee in the Van Nuys State Court Action in order to resolve ongoing discovery disputes set forth in 29 discovery motions which were still pending at the time that Debtor had filed for bankruptcy. *Id*. at 6.

By the Motion, Plaintiff requests that the court, pursuant to its authority under 28 U.S.C. § 1452(b), remand the Van Nuys State Court Action now before the court in this adversary proceeding back to the Superior Court of California, County of Los Angeles, Civil Division, Van Nuys Courthouse East. *Id*. at 2:14-16. Plaintiff argues that the Debtors' removal of the Van Nuys State Court Action is nothing more than a bad faith attempt to delay adjudication in state court. *Id*. at 3:14-17. Plaintiff contends that equity and fairness dictate that this court remand the Van Nuys State Court Action to the Superior Court of California. *Id*. at 3.

3

**Equity Favors Remand of the Adversary Proceeding**

28 U.S.C. § 1452(b) provides in pertinent part that upon removal of a state court action, "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b). This standard is "an unusually broad grant of authority" which allows for remand for reasons beyond those typical of non-bankruptcy removal statutes. *In re McCarthy*, 230 B.R. 414, 417 (9th Cir. BAP 1999). In this judicial district, bankruptcy courts may consider up to fourteen factors in deciding whether to remand an action to the non-bankruptcy forum pursuant to 28 U.S.C. § 1452(b). *In re Cedar Funding, Inc.*, 419 B.R. 807, 820-821 and n.18 (9th Cir. BAP 2009), *citing In re Enron Corp.*, 296 B.R. 505, 508 n.2 (C.D. Cal. 2003); *In re Cytodyn of New Mexico, Inc.*, 374 B.R. 733, 738 (Bankr. C.D. Cal. 2007). These fourteen equitable remand factors are:

1. The effect or lack thereof on the efficient administration of the estate if a court recommends remand;

2. The extent to which state law issues predominate over bankruptcy issues;

3. The difficulty or unsettled nature of the applicable law;

4. The presence of a related proceeding commenced in state court or other non-bankruptcy court;

5. The jurisdictional basis, if any, other than 28 U.S.C. § 1334;

6. The degree of relatedness or remoteness of the proceeding to the main bankruptcy case;

7. The substance rather than form of an asserted "core" proceeding;

8. The feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

9. The burden on the bankruptcy court's docket;

10. The likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;

11. The existence of a right to a jury trial;

12. The presence in the proceeding of nondebtor parties;

13. Comity; and

14. The possibility of prejudice to other parties in the action.

*Id*. This court finds these fourteen factors as instructive in determining whether the Van Nuys State Court Action should be remanded to the Superior Court.

The first factor, effect or lack thereof on the efficient administration of the estate if a court recommends remand, favors remand. Debtors argue that because Plaintiff has filed an Adversary Complaint under 11 U.S.C. § 523 (the "523 Complaint") based on the same facts and circumstances as this adversary proceeding, remand would multiply costs, as the same issues would be litigated in two different forums. Opposition at 8:6-10. In response to Debtors' contention that remand would hinder efficient administration of the estate, Plaintiff argues that the court could stay the adversary proceeding on 523 Complaint (the "523 Adversary") until the state court's adjudication of the Van Nuys State Court Action. Reply at 5. Because the parties have been litigating these issues in the Van Nuys State Court Action for over five years as reflected on the state court case docket attached to Plaintiff's motion, there have already been extensive litigation proceedings before the Superior Court in that litigation that will impact the final adjudication of the litigation, and there are numerous discovery disputes that have been addressed by the Superior Court, which is in a better position being more familiar with the history of this case to address and rule upon in order to proceed for trial, the court agrees with Plaintiff. Motion at 11-24; Reply at 5. Moreover, when the Van Nuys State Court

5

Action was removed to this court, the removal brought over the state court receivership of nondebtor party, National Cash, Inc., a separate legal entity from Defendant Joseph Zargar, which is not directly related to the administration of his bankruptcy estate. *Id.* Since the Van Nuys State Court Action has been actively litigated in the Superior Court for over five years with final hearing dates already set, that is, the final status conference set for August 24, 2018 and the trial set for September 5, 2018, it seems to this court that the most efficient way to resolve the Van Nuys State Court Case is to allow the Superior Court to complete the trial and decision-making process, rather than sending the parties, witnesses, and evidence to start the process anew in a different court on the eve of trial. Thus, this court agrees with Plaintiff that the efficient administration of the estate would not be affected by remand of the Van Nuys State Court Action because this would allow the state court more familiar with the factual and legal disputes to decide and liquidate Plaintiff's claims.

The second factor, extent to which state law issues predominate over bankruptcy issues, weighs strongly in favor of remand. Plaintiff's causes of action include involuntary dissolution, breach of fiduciary duty, interference with economic relationship, conversion, violation of California Corporation Code Section 1602, and accounting and declaratory relief, which are claims based on state law, either Nevada law since the subject entity, National Cash, Inc., is a Nevada corporation, or California law since the primary parties to the litigation, Plaintiff and Defendant Joseph Zargar, are California parties, and the entity allegedly only does California intrastate business, and thus, determination of Plaintiff's claims only involve state law issues. For this reason, this factor favors remand.

The third factor, difficulty or unsettled nature of the applicable law, weighs against remand. Plaintiff's causes of action do not involve law which is difficult or unsettled in nature.

The fourth factor, presence of a related proceeding commenced in state court, weighs in favor of remand. Technically speaking, as Defendants argue, there is no presence of a related proceeding commenced in state court because this proceeding was removed to this court, and thus, this factor does not favor remand. See Opposition at 10:3-4. However, the court in *In re Cytodyn* addressed a similar factual situation and concluded that it would be imprudent to simply ignore the fact that a related proceeding had been commenced in state court prior to removal. *See In re Cytodyn*, 374 B.R. at 739. This court agrees with the *Cytodyn* court and finds that this factor favors remand based on Plaintiff's commencement of both the Van Nuys State Court Action and the Los Angeles State Court Action in state court.

The fifth factor, other jurisdictional basis, favors remand. Bankruptcy courts have jurisdiction over "core proceedings," or proceedings which "arise under" or "arise in" a case under the Bankruptcy Code, Title 11 of the United States Code. 28 U.S.C. § 1334(b). Generally, "core proceedings" are those which arise under or in the Bankruptcy Code, Title 11 of the United States Code. *In re Harris Pine Mills*, 44 F.3d 1431, 1435 (9th Cir. 1995). Bankruptcy courts also have jurisdiction over "noncore proceedings," or those which are "related to" the Bankruptcy Code, Title 11 of the United States Code. 28 U.S.C. § 1334(b); *In re Harris Pine Mills*, 44 F.3d at 1435. The Ninth Circuit elaborating on noncore proceedings explained that "[a]n action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and

7

administration of the bankrupt estate." *In re Fietz*, 852 F.2d 455, 457 (9th Cir. 1988), *citing and quoting, Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3rd Cir. 1984). The Ninth Circuit further observed that if a proceeding does not invoke a substantive right created by federal bankruptcy law and if it could exist outside of bankruptcy, it is noncore. *In re Eastport Associates*, 935 F.2d 1071, 1076 (9th Cir. 1991) (citation omitted). Here, the outcome of Plaintiff's causes of action may affect the Debtors' rights, liabilities, options or freedom of action, such that the court has "related to" jurisdiction. However, Plaintiff's causes of action are based on state law, do not invoke a substantive right created by federal bankruptcy law and could exist outside of the bankruptcy, and thus, they cannot properly be categorized as core proceedings for jurisdictional purposes. *Id*. at 1076. Therefore, no basis of jurisdiction exists over Plaintiff's causes of action other than the court's "related to" jurisdiction of 28 U.S.C. § 1334, and this factor favors remand.

The sixth factor, relatedness or remoteness of the proceeding to the main bankruptcy case, also favors remand. Debtors argue that Plaintiff's causes of action fall under the list of core proceedings put forth in 28 U.S.C. § 157(b). Opposition at 5:16-23. Yet, the same jurisdictional analysis put forth under the fifth factor applies to the sixth factor as well. Plaintiff's causes of action are based on state law, not federal bankruptcy law, and could still exist outside of the bankruptcy case, even if they arguably fit within the literal wording of the provisions of 28 U.S.C. § 157(b). Therefore, Plaintiff's claims are most appropriately characterized as noncore proceedings which are only tangentially related to the main bankruptcy case. *See In re Cytodyn*, 374 B.R. at 740 (finding that where litigation was able to, and did, exist outside of bankruptcy, such that it was going forward to trial before removal, the litigation was a noncore bankruptcy proceeding and the sixth factor weighed in favor of remand).

The seventh factor, substance of an asserted core proceeding, also weighs in favor of remand because the Defendants' contention that Plaintiff's claims are core to the bankruptcy is not persuasive as discussed above on the fifth and sixth factors.

The eighth factor, feasibility of severing state law claims from core bankruptcy matters, favors remand. Plaintiff's claims raise only state law issues and are therefore easily separated from any other core bankruptcy matters.

The ninth factor, burden on the bankruptcy court's docket, favors remand. Defendants contend that remand would waste judicial resources by requiring the state court to decide claims also at issue in the 523 Adversary. Opposition at 11:10-18. Nonetheless, determination of the validity of Plaintiff's claims is separate from the determination of whether such claims are non-dischargeable under 11 U.S.C. § 523. If this court were to determine the validity of such claims beyond the scope of dischargeability, an additional burden would be placed on the court's docket to resolve the outstanding discovery disputes, the trial of Plaintiff's claims and supervision of the state court receivership of nondebtor party, National Cash, Inc., all of which will take substantial litigation time and resources. In particular, it would be burdensome for this court to supervise the state court receivership of National Cash, Inc., a nondebtor party, which is a separate legal entity to which it and the receivership owe independent fiduciary duties to creditors other than those of the debtors in this bankruptcy case.

The tenth factor, likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, favors remand. Given that the Van Nuys State Court Action has been pending in the Superior Court for over five years with the final status conference had been set for August 24, 2018 and the trial had been set for September 5, 2018, before Debtors removed it to this court on May 14,

2018, these circumstances suggest forum shopping by delaying the adjudication of the Van Nuys State Court Action when hearing and trial dates had been already set.

The eleventh factor, existence of right to a jury trial, favors remand. Plaintiff demanded a jury trial in response to Debtors' Notice of Removal (Docket Number 5). While the bankruptcy court may conduct a jury trial with consent of the parties as 28 U.S.C. § 157(e) states that "[i]f the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties", not all parties may consent, and the trial of the removed action will have to be conducted in the district court. This factor favors remand.

The twelfth factor, presence in the proceeding of nondebtor parties, favors remand. Plaintiff Behrouz Shadsirat and Defendants National Cash, Inc., Mohammad Khajehmiraki, Payment Alliance International, LLC, Elite Bankcard Solutions, LLC, Bank of America, N.A., and Davan Investment Corporation are all nondebtor parties. It does not appear that this court has jurisdiction to adjudicate the rights of these nondebtor parties as to Plaintiff's causes of action, except as to Plaintiff's causes of action against Defendant Joseph Zargar, and the litigation as to these other nondebtor parties will have to be conducted in state court, which will entail fragmented litigation for Plaintiff.

The thirteenth factor, comity, favors remand. In general, comity favors allowing state courts to adjudicate state law claims, as the Ninth Circuit Bankruptcy Appellate Panel has indicated that "[n]eedless decisions of state law by federal courts should be avoided as a matter of comity . . . in order to procure for the litigants 'a surer-footed reading of applicable law.'" *In re Casamont Investors, Ltd.*, 196 B.R. 517, 524 (9th Cir. BAP 1996), *citing*, *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). Remand

10

1 furthers the interest of principle of comity to allow the Superior Court of California to
2 adjudicate Plaintiff's California state law claims, including the claim under California
3 Corporations Code § 1602 and probably the fraud and conversion claims since Plaintiff
4 and Defendant Joseph Zargar are California parties and the alleged tortious acts appear
5 to have occurred within California, and possibly other claims are California law claims.
6 Some claims may be Nevada law claims, such as the claim for involuntary dissolution of
7 National Cash, Inc., which is a Nevada corporation, and dissolution would apparently
8 have to comply with the law of that state since that is the state of incorporation (however,
9 the choice of law issue for this and other claims is not properly before this court on this
10 motion).

11   The fourteenth factor, possibility of prejudice to other parties in the action, favors
12 remand. Most likely, it will be prejudicial for the other parties to have fragmented litigation
13 between this court and state court in litigating Plaintiff's claims and will entail more
14 litigation cost for Plaintiff and the other parties. Moreover, as stated previously regarding
15 comity, given that Plaintiff's claims only raise state law issues, the parties should have
16 the benefit of an adjudication by the state court which has greater familiarity in deciding
17 state law issues.

18   The court determines that based on its analysis of the factors for equitable remand
19 under 28 U.S.C. § 1452(b), most of the factors favor remand.

20   The court has also considered the impact of Plaintiff's filing of a proof of claim in
21 Defendants' bankruptcy case and determines that it does not have a substantial impact
22 on its determination for equitable remand. Although Plaintiff has submitted to bankruptcy
23 court's jurisdiction by filing the proof of claim, which is a core matter, that the matter is
24 core does not preclude discretionary remand. *See In re Cedar Funding, Inc.*, 419 B.R. at

820. Because this court finds equitable grounds for discretionary remand, as discussed in the analysis of the fourteen factors, remand is appropriate, even if Plaintiff has filed a proof of claim in this bankruptcy case, which is a core matter.

The court has also taken into consideration traditional policy grounds upon which motions to remand are often granted including: judicial economy; prompt, final resolution of disputes; respect for state courts on issues of state law; and the expertise of the court in which the matter was pending originally. *See In re Marathon Home Loans*, 96 B.R. 296, 300 (E.D. Cal. 1989) (citations omitted). Beyond the fourteen factor equitable remand analysis, the court finds that traditional policy grounds also warrant remand, as remand is more likely to lead to a prompt, final resolution of the disputes while showing respect for state courts on issues of state law.

For the foregoing reasons, the court grants Plaintiff's Motion to Remand this removed action now pending in this adversary proceeding, the Van Nuys State Court Action, Case Number LC099055 (Superior Court of California, County of Los Angeles, Civil Division, Van Nuys Courthouse East) back to the Superior Court of California, County of Los Angeles, Civil Division, Van Nuys Courthouse East. A separate final order is being filed and entered concurrently herewith.

IT IS SO ORDERED.              ###

Date: July 13, 2018

_____
Robert Kwan
United States Bankruptcy Judge

12